**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**SEPTICAIRAID LLC,**
          **Plaintiff,**

v.                                                                                    Case No. 14-cv-0172

**KARL HOLT,**
          **Defendant.**
_____

## **DECISION AND ORDER**

Plaintiff SepticairAID LLC ("Septicair") filed a complaint alleging trademark infringement, unfair competition, and cybersquatting claims under the Lanham Act. The parties have fully briefed a motion to dismiss; however, also before me are two motions to intervene, bifurcate, and stay by two insurance companies: Employers Mutual Casualty Company ("EMC"), which insured defendant's company Engineered Solutions, Inc., and Pekin Insurance Company, which insured defendant's company Aero-Stream, LLC.

Neither party opposes intervention. I conclude that both intervenors may intervene as a matter of right under Fed. R. Civ. P. 24(a) because (1) their motions to intervene were timely; (2) they have an interest in this action, namely that defendant has tendered defense of plaintiff's claims to intervenors, and intervenors are obligated to defend if the claims fall within the relevant insurance policy; (3) disposition of this case without intervention may impede or impair intervenors' ability to protect that interest; and (4) the intervenors' interests are not adequately represented because both intervenors assert that they have no duty to defend against plaintiffs' claims. *See Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1980). I also conclude that I have supplemental jurisdiction over intervenors' claims under 28 U.S.C. § 1367(a) because the claim is part

of the same case or controversy as the other claims in this action. Section 1367(b) prohibits a federal court from exercising supplemental jurisdiction in diversity cases over claims by persons "seeking to intervene as plaintiffs under Rule 24," but intervenors are intervening as defendants. *See* 16 James Wm. Moore, et al., Moore's Federal Practice § 106.46 (3d Ed.) ("[N]on-plaintiff intervenors entitled to the exercise of supplemental jurisdiction for their claims are those who must intervene to defend or protect interests put at issue by the original action."). Therefore, I will grant the motion to intervene.

EMC and Pekin also move to bifurcate and stay proceedings on the merits of plaintiff's claims until I resolve coverage issues. Defendant opposes EMC's motion to bifurcate and stay but filed no response to Pekin's subsequent motion to bifurcate and stay. Fed. R. Civ. P. 42(b) gives me authority to bifurcate the proceedings in a case if it would "prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). Further, Wisconsin courts encourage the practice of resolving coverage issues before proceeding to the merits of a case. *Elliott v. Donahue*, 169 Wis. 2d 310, 317–18 (1992) (encouraging "the resolution of the coverage issue" before "the trial on liability"); *see also Bradley Corp. v. Zurich Ins. Co.*, 984 F. Supp. 1193, 1198 (stating that "Wisconsin law favors a procedure by which" the liability and coverage issues are bifurcated and liability proceedings are stayed until coverage is resolved).

First, bifurcating and staying proceedings on the merits until coverage issues have been resolved will prevent prejudice to the intervenors, who otherwise may be forced to incur unnecessary legal fees in defending defendant. Second, bifurcating and staying proceedings on the merits will not upset the efficiency of the underlying action because this

case is in its early stages; defendant has not yet answered and discovery has not begun.

Third, defendant will not be unduly prejudiced. Contrary to defendant's assertion, a determination on coverage issues is not likely to require a decision on the merits. *See Delta Grp., Inc. v. DBI, Inc.*, 204 Wis. 2d 515, 522 (Ct. App. 1996) ("The duty of defense depends on the nature of the claim, not the merits.") Further, coverage determinations usually involve comparing policy provisions to the claims asserted and thus do not require much discovery. *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 311 Wis. 2d 548, 560 (2008). Therefore bifurcating and staying proceedings on the merits is not likely to prejudice defendant by delaying discovery on the merits indefinitely. Finally, defendant did not respond to Pekin's motion to bifurcate and stay, so I will grant its motion as unopposed. Although defendant opposes EMC's motion to bifurcate and stay, defendant is unlikely to be prejudiced by bifurcating and staying proceedings on the merits pending resolution of EMC's coverage issues when the case will already be bifurcated and stayed pending resolution of Pekin's coverage issues. Thus, I will grant both intervenors' motions to bifurcate and stay.

Because I have granted intervenors' motions to stay proceedings on the merits, I will not decide defendant's pending motion to dismiss at this time.

**THEREFORE, IT IS ORDERED** that Employers Mutual Casualty Company's motion to intervene, bifurcate, and stay (ECF No. 16) and Pekin Insurance Company's motion to intervene, bifurcate, and stay (ECF No. 26) are **GRANTED**.

(a) The Clerk shall docket the intervenor complaints at ECF No. 16-1 and ECF No. 26-1;

(b) All proceedings not necessary to resolve insurance coverage issues, including the pending motion to dismiss (ECF No. 8), are stayed pending a determination of insurance coverage.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge